CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| River Richards, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00184 |
| | ) | |
| Weber City Virginia et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff River Richards filed this action pursuant to 42 U.S.C. § 1983, asserting a variety of claims arising out of a traffic stop in which he was a passenger in a vehicle. Richards's second amended complaint in this action named two police officers as Defendants, Logan Vermillion and J. Coalson. Defendant Vermillion filed a motion for summary judgment, (Dkt. 36), and Defendant Coalson filed a motion to dismiss, (Dkt. 47). For the reasons explained below, the court will grant these motions and dismiss this action.

### I.    Factual and Procedural History

Richards's original verified complaint neither named a viable defendant nor identified the federal rights allegedly violated. (Dkt. 1.) Accordingly, the court gave Richards the opportunity to file an amended complaint. (Dkt. 9.) He did so. (Dkt. 11.) That iteration of the complaint named viable Defendants but did not identify the actions or inactions of any Defendant. (*Id.*) The court then granted Richards one final opportunity to file a complaint

1

that stated claims.  (Dkt. 30.)  Richards then filed a verified second amended complaint.  (Dkt. 33.)  Therefore, the second amended complaint is the operative complaint in this action. Defendant Vermillion filed a motion for summary judgment, (Dkt. 36), and Defendant Coalson filed a motion to dismiss the second amended complaint, (Dkt 47).  The court sent Richards *Roseboro* notices, (Dkts. 38, 49), but Richards did not reply to either motion.

Richards indicates that he sues the Defendants in their official capacity only.  (Dkt. 33 at 3.)  If the Defendants are named only in their official capacities, they would be immune from claims for monetary damages.  *See Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). However, Richards did request injunctive relief—the return of his dog.  (Dkt. 33 at 8.)  The court could not, in any event, order this relief as Richards is incarcerated.  However, the court has considered whether Richards's claims could be viable if asserted against Defendants in their individual capacities because of the claim for injunctive relief and Richards's *pro se* status. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

The facts giving rise to this action as set forth in the narrative-style second amended complaint, (Dkt. 33-1 at 6–7), are as follows.  Richards was the passenger in a car being driven by his father.[1]  (*Id.* at 6.)  The police stopped the vehicle and administered a sobriety test to the driver.  (*Id.*)  While the sobriety test was being performed, Richards got out of car with his German Shepherd dog—admittedly, not as directed by officers.  (*Id.*)  At that point, Richards was advised by Defendant Vermillion that he was under arrest for public intoxication.  (*Id.*) But, Richards stated that he was not intoxicated and returned to a seated position in the car. (*Id.*)  At least one handcuff was applied by Defendant Vermillion while he was seated.  (*Id.*)

---

[1] His father, Troy Whitehead, filed a separate action (Civil Action No. 7:25-cv-00605) arising from the same incident.

Richards challenged the basis for his arrest and did not exit the vehicle. (*Id.* at 6–7.) Officers told him to exit the car, but he did not. (*Id.*) Defendant Coalson then came to assist, and Richards claims that Defendant Coalson was trying to "brake [sic] his leg" in the ensuing scuffle to remove him from the car. (*Id.*) Richards claims his leg was cut and a cut on his foot eventually bandaged. (*Id.* at 7.) Defendant Vermillion then came around to the driver's side of the vehicle and applied force to Richards's back and wrenched his arm, which caused bleeding. (*Id.*) Another unspecified officer pulled on Richards's leg trying to get him out of the vehicle. (*Id.*) Richards still did not exit the vehicle. (*Id.*) Officers said they would use pepper-spray if Richards did not exit. (*Id.*) He did not. (*Id.*) Pepper-spray was then deployed, and Richards was then "tourn [sic] from the inside of the car." (*Id.*) Richards states that he lost consciousness and had his foot bandaged as a result of the scuffle. (*Id.*) Richards was evaluated by rescue personnel at the scene and not transported for more medical care. (*Id.*)

Public records,[2] some of which were attached by Richards to the second amended complaint, show that Richards was charged with assaulting police officers, resisting arrest and public intoxication. (*See* Dkt. 33-1 at 4–5; Dkts. 37-2, 37-3, 37-4.)

The memorandum in support of the summary judgment motion filed by Defendant Vermillion, (Dkt. 37), and his supporting declaration, (Dkt. 37-1), round out the facts set forth by Richards in the second amended complaint. Their accounts are not materially at odds with each other with regard to what actually occurred; they simply relate the same facts from

---

[2] The court may consider this document without converting the motion to dismiss to a motion for summary judgment. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (noting that "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed").

different perspectives and draw different conclusions from these facts. According to Defendant Vermillion's declaration, he initiated the traffic stop and observed passenger Richards who "appeared to be intoxicated, with glassy, bloodshot eyes, slurring his words, and empty beers cans strewn about the passenger side floorboard of the vehicle."[3] (Dkt. 37-1 ¶ 2.) Richards then exited the vehicle with his dog, at which point Defendant Vermillion advised that he was under arrest. (*Id.* ¶ 3.) Richards "refused to obey [Defendant Vermillion's] commands" and re-entered the vehicle. (*Id.* ¶ 4.) Defendant Vermillion was initially alone until backup arrived. (*Id.* ¶ 5.) Defendant Vermillion attests that "the other two officers and I struggled to place Richards in custody. During the struggle, Richards kicked officers, refused/resisted arrest, and was very belligerent." (*Id.*) Defendant Vermillion states, "I only used the force necessary due to Richards's resisting of arrest and the danger that I faced by Richards's failure to comply." (*Id.* ¶ 7.) Richards did not rebut in any manner these contentions.

Richards's second amended complaint asserts violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as violations of excessive force, wrongful incarceration, malicious wounding, malicious prosecution, and public humiliation rights. (Dkt. 33 at 5.)

## II.    Standard of Review

In this case, both a motion for summary judgment and a motion to dismiss are pending. Under the Federal Rules of Civil Procedure 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

4

of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).  In making that determination, the court must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party."  *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011).

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."[4]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).  Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Id.* at 247–48.  Instead, the non-moving party must produce "not 'merely colorable' but 'significantly probative' evidence" from which a reasonable jury could return a verdict in his favor.  *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).  Disputes about conclusions of law do not prevent the entry of summary judgment.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

As to the motion to dismiss, "the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint."  *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct."  *Ashcroft v.*

---

[4] Richards's second amended complaint was verified, so the court has accepted its factual allegations as true and as evidence supporting his claims.

*Iqbal*, 556 U.S. 662, 679 (2009).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A *pro se* complaint must still "state a claim to relief that is plausible on its face."  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    Analysis

Most of Richards's claims should be dismissed for failure to state a claim because the cited amendments and causes of action do not provide any basis for relief related to the factual allegations.  Specifically, the Fifth Amendment's due process clause regulates federal conduct only, and the Defendants here are municipal actors.  *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 537 (4th Cir. 2022) ("The Fifth Amendment's Due Process Clause does not apply to municipalities, but only to federal actors.").  No facts are alleged implicating the clauses of the Fifth Amendment forbidding double jeopardy, compelled self-incrimination, or any takings.  *See* U.S. Const. amend. V.  Similarly, none of the facts alleged by Richards relate

6

to a claim under the Sixth Amendment, which includes the right to a speedy trial by an impartial jury, the right of an accused to know the charges and evidence against them, the right to confront accusers, the right to call witnesses, and the right to counsel. *See id.* amend. VI. The Eighth Amendment is not applicable to these facts because it regulates behavior after a criminal conviction. *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) ("The Eighth Amendment does not apply 'until after conviction and sentence.'") (citing *Graham v. Connor,* 490 U.S. 386, 392 n.6 (1989)). Likewise, the Fourteenth Amendment applies only after arrest, and Richard's claims arise during the process of his arrest.[5] *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008) ("[E]xcessive force claims of a pretrial detainee [or arrestee] are governed by the Due Process Clause of the Fourteenth Amendment." (citation omitted)). Public humiliation is not a cause of action under federal or Virginia law. Malicious prosecution and wrongful incarceration are not implicated causes of action because these claims relate to the stop and arrest of Richards, not his subsequent prosecution and incarceration. Malicious wounding is a criminal offense under Virginia state law, Va. Code Ann. § 18.2-51, which Richards lacks standing to prosecute. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). Accordingly, dismissal of all claims above is warranted for failure to state a claim upon which relief could be granted.

Some of the facts set forth by Richards could, in theory, relate to claims that would be asserted pursuant to the Fourth Amendment. *Riley*, 115 F.3d at 1161 ("The Fourth Amendment governs claims of excessive force during the course of an arrest, investigatory

---

[5] As the Fourth Circuit has noted, "[t]he point at which Fourth Amendment protections end and Fourteenth Amendment protections begin is often murky." *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). Query whether Richards should be considered "arrested" upon the announcement of his arrest or upon his subsequent submission to the force used to arrest him. The same result would be reached in this case, however, no matter which amendment controls.

stop, or other 'seizure' of a person."). Richards could also be attempting to assert a claim of wrongful arrest without probable cause pursuant to the Fourth Amendment, although such claim was not referenced by Richards.

As explained by the Fourth Circuit, "[a] claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other seizure of a person is properly analyzed under the Fourth Amendment's objective reasonableness standard." *Est. of Armstrong ex rel. Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 899 (4th Cir. 2016) (cleaned up). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). Rather, it "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quoting *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015)). In making this determination, a reviewing court should balance three factors: (1) "the severity of the crime at issue"; (2) "the extent to which the suspect poses an immediate threat to the safety of the officers or others"; and (3) "whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.* (cleaned up). "To properly consider the reasonableness of the force employed," a reviewing court must "view it in full context with an eye toward the proportionality of the force in light of all the circumstances." *Id.*

As to Defendant Vermillion, the court will grant summary judgment as to the Fourth Amendment claims because of the unrebutted evidence that probable cause to arrest Richards existed, and that the amount of force used was necessary and no more than what was required because of Richards's actions in resisting arrest. By Richards's own account, he refused to

submit to the officers' notification that he was under arrest. (*See* Dkt. 33-1 at 6–7.) He returned to a seated position in his car with a large dog and physically resisted the application of handcuffs. (*Id.*) Despite directives for him to exit the car, he refused, leading to officers' use of force, and ultimately pepper-spray, to remove him. (*Id.*) The force used by the officers escalated only as Richards's non-compliance persisted, and no medical care beyond bandaging at the scene was required. The force used was not objectively unreasonable. *See Wilson v. Flynn,* 429 F.3d 465, 469 (4th Cir. 2005).

As for Defendant Coalson, he filed only a motion to dismiss. (*See* Dkt. 47.) Richards's allegations against Defendant Coalson are that he used excessive force against Richards when attempting to extract him from the car, resulting in cuts to Richards's leg and/or foot that did not result in rescue personnel concluding that additional medical care was required. (*See* Dkt. 33-1 at 6–7.) However, even Richards's own allegations indicate that the force used against him was only in connection with attempting to remove him from the car after he refused instructions to exit and refused to be handcuffed or to otherwise submit to the arrest that had been announced. (*See id.*) The court finds that, even when giving Richards the benefit of inferences in his favor, the facts alleged do not support a plausible claim of entitlement to relief as to an excessive force claim. Richards was given multiple opportunities by the court to identify all the facts giving rise to his claims, and the allegations against Defendant Coalson remain very sparse and not sufficient to support a claim that any usage of force by Defendant Coalson was objectively unreasonable. Nonetheless, the court will dismiss Richards's Fourth Amendment claim of excessive force against Defendant Coalson without prejudice given the

9

applicable legal standard on a motion to dismiss as set forth above.

Finally, Richards designated an unnamed law enforcement officer as a Defendant. (Dkt. 33 at 4.) None of the facts asserted in the second amended complaint indicate a plausible claim of entitlement to relief against the unnamed officer for the reasons set forth above.

## IV.    Conclusion and Order

Therefore, the court **GRANTS** Vermillion's motion for summary judgment, (Dkt. 36), **GRANTS** Coalson's motion to dismiss, (Dkt. 47), and **DISMISSES** the claims against the unnamed law enforcement officer without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See also* 28 U.S.C. § 1915A(b)(1) (providing for same bases for dismissal).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Richards and to close this case.

**ENTERED** this 16th day of March, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE